STATE BANK OF OMAHA, PLAINTIFF, v. MICHAEL L. ENDRES, TREASURER, ET AL., DEFENDANTS.

FILED FEBRUARY 27, 1923.    No. 23169.

Taxation: SHARES OF STOCK IN BANKS.' Section 5887, Comp. St. 1922, relating to the duty of the assessor in taxing shares of stock in banks, banking associations and trust companies, in so far only as it declares "such capital stock shall thereupon be listed and assessed by him at the same rate as tangible property is assessed in the taxing district where the principal place of business of such association, bank or company is located," is invalid as to national banks, because it conflicts with the act of congress forbidding states to tax shares of a national bank at a greater rate than is assessed upon other moneyed capital, and, with national banks excluded from its operation, it is also invalid as to state banks, because the latter would then be taxed at a higher rate than national banks, and therefore the taxation would conflict with that part of the state Constitution requiring taxes to be uniform as to class. Rev. St. U. S. sec. 5219; Nebraska Const., art. VIII, sec. 1.

Original suit to enjoin defendants from illegally taxing the property of plaintiff. *Injunction allowed.*

*Gaines, Van Orsdel & Gaines,* for plaintiff.

*Ora S. Spillman, Attorney General,* and *George W. Ayres, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, DAY and GOOD, JJ., RAPER, District Judge.

DAY, J.

We entertain jurisdiction of this, an original action in this court, upon the ground that the action involves the public revenue. The relief sought is an injunction to protect plaintiff's property from illegal taxation. The issue presented arises upon a demurrer to the petition which alleges that the petition does not state facts sufficient to constitute a cause of action.

Briefly stated, the petition alleges in substance that the plaintiff, the State Bank of Omaha, is a Nebraska corporation conducting a banking business in Omaha, Douglas county, Nebraska, having a capital stock of $300,000, divided into shares of $100 each; that the defendants, Michael L. Endres and Frank Dewey, are respectively the county treasurer and the county clerk of said county; that on April 1, 1922, in compliance with the statute, the plaintiff made out and delivered to the assessor a statement showing the number of shares of its capital stock, the name and residence of each shareholder, the number of shares held by each, and that the value of each share, for the purpose of computing the state and county taxes for the year 1922 and the city tax for the year 1923, was the sum of $153.50; that all the shares of stock have been entered upon the 1922 tax list of said county against the plaintiff and its several shareholders, aggregating the sum of $400,523.60; that moneyed capital in the hands of individual citizens of the state, subject to taxation under the general law relating to taxation of intangible property, exceeds in value $141,000,000; that moneyed capital in the hands of individual citizens in Douglas county, subject to taxation under the general law relating to taxation of intangible property, exceeding the sum of $47,000,000, has been entered upon the tax list of Douglas county for the year 1922, and assessed as intangible property; that the capital stock of state and national banks and trust companies in the state have been valued at over $54,000,000; that there are a large number of national banks in the state and in the city of Omaha, with capital aggregating several millions of dollars, which come directly into competition with the plaintiff and other state banks; that national banks, by virtue of the statutes of the United States, cannot be required to pay taxes upon their capital stock at a greater rate than is levied upon moneyed capital in the state, which in this state is 25 per cent. of the rate levied upon tangible

property; that a large part of the moneyed capital in the hands of the individual citizens of the state, and listed as intangible property, is being used and will be used to buy notes, bonds, commercial paper, real estate mortgages, and in making loans for interest, and thereby come in direct competition with the plaintiff and other state banks; that the rate of taxation for the state for the general and capitol fund is 2.3 mills; that the rate of taxation for Douglas county is 3.6, and for the city of Omaha, for the year 1923, is 22.26 mills; that Frank Dewey, as county clerk, has made up the tax list of Douglas county for the year 1922, and delivered the same to Michael L. Endres, county treasurer; that the tax list shows a valuation on each share of plaintiff's capital stock to be $133.50; that the tax rate entered upon the books of the county clerk and county treasurer requires the plaintiff to pay the same mill rate as is required of real estate and other tangible property, whereas the mill rate levied upon intangible property, except capital stock in state and national banks and trust companies, is 25 per cent. of the mill rate levied upon tangible property; that the plaintiff made a tender to the defendant Michael L. Endres of the full amount of state and county taxes, based upon the same rate as is required to be paid by other moneyed capital, and upon intangible property, but that the treasurer has demanded that the plaintiff pay upon its shares of stock the same rate that is required of tangible property. The plaintiff further alleges that the tax levied upon its shares is unjust, illegal and discriminatory, and prays for an injunction against Michael L. Endres, county treasurer, from collecting a greater rate upon its shares of stock than is levied upon other moneyed capital. The plaintiff also prays that defendant Frank Dewey, as county clerk, be required to enter upon his books against the plaintiff's property the same mill rate levy as is levied against other intangible property.

The question thus raised is whether the plaintiff on

behalf of its· stockholders can be required to pay a greater mill rate on its capital stock than is required of national banks and other moneyed capital.

Acting upon authority of the provisions of the Constitution, the legislature of 1921 made some important changes in the revenue laws of the state. Speaking generally, it classified property subject to taxation into two groups—tangible and intangible. Tangible property was required to be listed at its true value, and assessed upon the mill rate levy. The tax upon intangible property, with certain exceptions, was required to be listed at its true value, and a tax levied thereon at 25 per cent. of the mill rate levied upon tangible property.

With respect to shares of stock in banking corporations, it was provided (Comp. St. 1922, sec. 5887) that the officers of banks, loan and trust or investment companies should, on April first of each year, make out a statement under oath and deliver the same to the county assessor, showing the number of shares of stock held by each person, the name and residence of the stockholders, and the value of the stock. It is then made the duty of the assessor to assess the capital stock at the same rate as tangible property is assessed in the taxing district where the principal place of business of the bank is located. In determining the value of the stock for taxation, it is made the duty of the assessor in case of national banks to examine the last report on such bank made to the comptroller of the currency, and in the case of state banks the last report made to the department of trade and commerce. The bank is required to pay the tax thus levied upon its stock, and is given a lien upon the stock of its shareholders. for repayment.

From this brief outline of the provisions of the law it is plain that it was ·the intention· of the legislature· to classify· certain intangible property ·and to place such property for taxation ··purposes upon the same basis:·

as tangible property. It is equally plain that shares of stock in national banks were placed on the same basis as shares of stock in state banks.

Since the passage of the act in question by our legislature, the supreme court of the United States has pointed out more clearly than theretofore the limitations upon the power of the states to tax shares of stock of a national bank. In *Merchants Nat. Bank v. City of Richmond*, 256 U. S. 635, the court reviewed the act of congress (Rev. St. U. S. sec. 5219) which authorized the states to tax shares of stock of national banks, limiting the power, however, so that a greater rate of taxation may not be assessed upon shares of national banks than is assessed upon other moneyed capital, and held: "In the provision of Rev. St. sec. 5219, respecting state taxation of shares of national banks, that it 'shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state,' the words 'moneyed capital in the hands of individual citizens' include bonds, notes and other evidences of indebtedness in the hands of individuals, which are shown to come materially into competition with the national banks in the loan market."

In the light of this decision, it seems clear that the method adopted by our legislature of taxing shares of stock in banks, in so far as it applies to shares of national banks, is beyond the power of the legislature.

If, then, the national banks be excluded from the operation of this section of the statute, what effect does it have upon the state banks? While the legislature has the undoubted right to make a reasonable classification of intangible property for the purposes of taxation, it would seem clear that a classification, the effect of which would be to tax its shares of stock four times as much as the shares of a national bank, would be an unreasonable exercise of its power, and would be in violation of section 1, art. VIII of the Constitution, which, while giving the legislature power to classify intangible proper-

ty, nevertheless requires that taxes shall be 'uniform as to class.

From what has been said, it would seem to follow that section 5887, Comp. St. 1922, relating to the duty of the assessor in taxing shares of stock in banks, banking associations and trust companies, in so far only as it declares "such capital stock shall thereupon be listed and assessed by him at the same rate as tangible property is assessed in the taxing district where the princiual place of business of such association, bank or company is located," is invalid as to national banks, because it conflicts with the act of congress forbidding states to tax shares of a national bank at a greater rate than is assessed upon other moneyed capital, and, with national banks excluded from its operation, it is also invalid as to state banks, because the latter would then be taxed at a higher rate than national banks, and therefore the taxation would conflict with that part of the state Constitution requiring taxes to be uniform as to class. Rev. St. U. S. sec. 5219; Nebraska Const., art. VIII, sec. 1.

It is also suggested by the defendants, but not argued, that injunction is not available to the plaintiff. The tax complained of, being illegal, we think comes within the saving clause of section 6491, Rev. St. 1913. The plaintiff having tendered the amount which could have legally been assessed, viz., 25 per cent. of the mill rate levied against tangible property, the relief prayed for by plaintiff will be granted.

INJUNCTION ALLOWED.