CENTURY OIL COMPANY ET AL., APPELLANTS, V. DEPART-
MENT OF AGRICULTURE ET AL., APPELLEES.

FILED MARCH 30, 1923.   No. 23277.

**Constitutional Law:** INSPECTION FEES. In practical operation under existing conditions, the statutory fee of six cents a barrel for the governmental inspection of gasoline creates an excessive fund in the nature of revenue in addition to the costs of inspection, and for that reason violates the constitutional provision relating to taxation, according to the ruling in *State v Standard Oil Co.,* 100 Neb. 826, Comp. St. 1922, sec. 7456; Const. 1875, art. IX, sec. 1.

APPEAL from the district court for Douglas county: CARROLL O. STAUFFER, JUDGE. *Reversed.*

*William H. Herdman, Kennedy, Holland, De Lacy & McLaughlin, Baldrige & Saxton* and *Crossman & Munger,* for appellants.

*O. S. Spillman, Attorney General,* and *W. C. Dorsey,* contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and GOOD, JJ.

PER CURIAM.

This is a suit for an injunction to prevent the enforcement of the statutory provision fixing the fee for the governmental inspection of gasoline at six cents a barrel, on the ground that the legislation is unconstitutional. The district court upheld the fee and dismissed the suit. Plaintiffs have appealed.

The decision on appeal is controlled by a former ruling. A fee of ten cents a barrel, fixed by an earlier act otherwise identical with the present one, was held to be excessive, unconstitutional, and void. In practical operation under existing conditions, the statutory fee of six cents a barrel for the governmental inspection of gasoline creates an excessive fund in the nature of revenue in addition to the expenses of inspection, and for that reason violates the constitutional provision relating to taxation, according to the ruling in *State v. Standard Oil Co.*, 100 Neb. 826. Comp St. 1922, sec. 7456; Const. 1875, art. IX, sec. 1. In considering in the case cited the provision fixing a fee of ten cents a barrel, the legislation was treated as an act limited by its title to inspection under the police power. Had the fee under an appropriate title extended to revenue or an excise tax, a different question would have been presented. The supreme court of the United States recently held that the legislature may in the same act impose upon domestic commerce in gasoline a fee sufficient to pay the expenses of inspection under the police power, and to raise also under the taxing power a surplus in the form of an excise burden, which is not a tax on property. *Texas Co. v. Brown*, 258 U. S. 466. Under the legislation as it now stands, plaintiffs are entitled to an injunction to prevent the collection of the inhibited fee. For the purpose of granting that relief, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.