Century Oil Co. v. Department of Agriculture.

CENTURY OIL COMPANY ET AL., APPELLEES, V. DEPARTMENT OF AGRICULTURE ET AL., APPELLANTS.

FILED APRIL 30, 1924.    No. 23601.

1. **Inspection: EXCESSIVE FEES.** Where state officers collect inspection fees from dealers in gasoline and kindred petroleum products in excess of the fees authorized by law, which, under a court order, were paid into court to await the result of the suit and subsequently to be paid to the parties legally entitled thereto, the fact that such dealers have sold the inspected products at a sufficiently increased price to cover the excess inspection fees will not justify the turning over of such excess fees to the state upon the theory that they belong to the consumer.

2. ———: ———: **INJUNCTION.** The legislature, in the exercise of the police power, enacted a law which provided a fee for the inspection of gasoline and kindred petroleum products, which law was valid when enacted, but, because of the greatly increased consumption of gasoline, subsequent to the passage of the act, the fees so collected greatly exceeded the cost of inspection, so that the act became, in its operation, and in effect, a revenue measure and, as such, became unenforceable. It does not follow, however, that the act is invalid, *in toto*, but it is invalid only as a revenue measure and its enforcement may therefore be enjoined only to the extent that the fees to be collected under the act are in excess of the reasonable cost of inspection.

3. ———: ———. The record examined, and *held* that the plaintiff oil companies are entitled, under the present act, to a return only of so much of the oil inspection fees paid into court as are in excess of the reasonable cost of inspection.

4. ———: ———. The maxim, "He who seeks equity must do equity," applies to the facts in the present case. Out of the money paid into court as inspection fees, the court should ascertain the reasonable cost of inspection of the various petroleum products inspected for the respective plaintiffs, and direct that such sum be turned over to the state, and the excess, or remainder, should be returned to the several plaintiffs as their respective interests may appear.

APPEAL from the district court for Douglas county: WILLIAM G. HASTINGS, JUDGE. *Reversed, with directions.*

*O. S. Spillman, Attorney General, W. C. Dorsey* and *George W. Ayres,* for appellants.

*Kennedy, Holland, De Lacy & McLaughlin, Baldrige & Saxton, William H. Herdman, Clinton Brome* and *Crossman & Munger, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY, GOOD and THOMPSON, JJ.

DEAN, J.

This is the second appearance of this case in this court on appeal from the district court. In the former opinion we held that the act was unconstitutional and the cause was remanded for further proceedings. For the facts see *Century Oil Co. v. Department of Agriculture,* 110 Neb. 100.

The trial court entered a judgment in favor of plaintiffs and interveners, all of whom are hereinafter referred to as plaintiffs. An order was also entered that the moneys, approximating $62,000, which had theretofore been paid into court, pending the litigation, should be repaid to the respective plaintiffs in the several amounts paid by them into court. From the judgment so rendered defendants have appealed.

When the cause was remanded a decree was entered in the district court enjoining the enforcement of the legislative act providing for the collection of a fee of 6 cents a

barrel for the inspection of gasoline.  At the commencement of the action in the district court, a temporary injunction was granted and, pursuant to an agreement between the parties, an order was entered in that court requiring the plaintiffs to pay to the defendants the fees for inspection, as provided by the statute, and requiring defendants to keep such fees in a fund separate and apart and to hold them subject to the further order of the court.  The district court also ordered that all fees collected, from the time that the temporary injunction was granted until the new legislative act which provided a fee of 3 cents a barrel for inspection became effective, should be returned to plaintiffs.

Defendants insist that the fees, paid by plaintiffs for the inspection of gasoline, were not, in fact, paid out of funds belonging to them, but that such fees were added to the price of the gasoline, and that the excess fees so collected belonged, in fact, to the customers of the plaintiffs who purchased gasoline, and that the state was entitled to retain such fees until claimed by the parties entitled thereto. The state also urges that, in any event, plaintiffs should be required to pay the reasonable expense of inspection, and that in no event are they entitled to a return of the fees collected, except such as are in excess of the reasonable cost of inspection.

So far as the first contention is concerned, we think it is not well founded.  When the several oil companies sold gasoline and received the compensation therefor from their customers, this money belonged to the respective plaintiffs. It may be and probably is true that they increased the price of the product sold by them so as to receive a profit over and above the inspection fees paid, but this does not change the situation, nor convert the money that they have received from the sale of gasoline into a fund belonging to the customers.  Plaintiffs paid the inspection fees with funds to which they had legal title.

With respect to the second contention, we are inclined to the view that there is merit in it.  The legislative act, providing a fee of 6 cents a barrel for the inspection of

gasoline, was a valid law when enacted and did not contravene any of the constitutional provisions or the constitutional rights of plaintiffs. By reason, however, of a greatly increased consumption of gasoline, subsequent to the passage of the act, and the large quantities inspected, the fee provided by the statute yielded a sum largely in excess of the reasonable expense of inspection.

In the former opinion in this case, hereinbefore referred to, which was controlled by *State v. Standard Oil Co.*, 100 Neb. 826, it was held that the legislative act, providing a fee of 6 cents a barrel for the inspection of gasoline, violated the constitutional provision relating to taxation, because the statutory fee created a fund in excess of the reasonable expense of inspection, and it thereby became, in effect, a revenue measure to which no reference was made in the title to the act.

After a further consideration of our former opinions, above cited, the majority of the court is of the opinion that the statute is not void *in toto*. It was valid when enacted and was valid so long as the inspection fees provided by the statute did not exceed the reasonable cost of inspection of gasoline. But when the fees exacted amounted to a sum greatly in excess of the reasonable expense of inspection, it became in effect a revenue measure, and, as such, was invalid. In other words, the statute, so far as it provides for the reasonable expense of inspection, is valid, and is invalid only in so far as it seeks to impose a fee in excess of such reasonable expense of inspection. So that, instead of enjoining the collection of any fees, the injunction should have been limited to the excess cost over the reasonable expense of inspection.

It is well known that, in every state in the Union, state inspection of gasoline, kerosene and other like petroleum products, from every viewpoint, is a matter of prime importance to all persons, for the reason that such products, when they fall below the recognized standard grade required by law, are highly explosive and are therefore an exceedingly dangerous commodity. Nor can it be said

that such inspection is of no importance to the dealer in such products, because, without state supervision and state permission, he could not, under the law, bring such products into the state for sale.

This being a suit in equity, it follows that this court has complete jurisdiction over every feature of the subject here involved. A familiar maxim is this, "Equity imputes an intention to fulfil an obligation;" another is, "He who seeks equity must do equity." We think the facts before us bring the case within the meaning of both.

In view then of the expense attendant upon the exercise of a governmental function so important, in all its aspects, as the state inspection of petroleum products under discussion and of the very well-known commercial and trade value of such inspection to the dealer, it seems to us that there is an obligation resting upon plaintiffs, under the present law, to pay the reasonable cost of inspection. And on the part of defendants there rests an obligation to refrain from collecting a revenue under the statute, in its present form, because the title to the act is not broad enough to authorize revenue to be so raised, as pointed out in the former opinion in the present case.

It follows from the views expressed herein that the plaintiffs are not entitled to a return of all the fees collected during the time the temporary injunction was in force, but only to a return of that part of the fees which exceed the reasonable expense of inspection. So that, out of the money paid into court as inspection fees, the court should ascertain the reasonable cost of inspection of the various petroleum products inspected for the respective plaintiffs, and direct that such sum be turned over to the state, and the excess, or remainder, should be returned to the several plaintiffs as their respective interests may appear.

The judgment of the district court is reversed and the cause remanded, with instructions to modify the injunction in accordance with the views herein expressed, and to ascertain the amount of fees collected that are in excess of

the reasonable expense of inspection, and to return to the plaintiffs such excess.

REVERSED.

ROSE, J., dissents.

Note—See Inspection, 32 C. J. p. 934, sec. 10; p. 936, sec. 11; p. 937, sec. 12 (1925 Ann.).