NASH-FINCH COMPANY ET AL., APPELLANTS, V. HENRY
BEAL, COUNTY ATTORNEY, APPELLEE.

FILED MAY 12, 1933.   No. 28617.

*Ziegler & Dunn* and *G. W. Becker,* for appellants.

*Henry J. Beal, Jack W. Marer* and *John W. Yeager,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is a suit for an injunction preventing the county attorney of Douglas county from enforcing the statute prohibiting wholesale and retail tobacconists from selling, keeping for sale, or giving away cigars, tobacco, cigarettes or cigarette material, without paying annual license fees. Comp. St. 1929, secs. 28-1023 to 28-1027. The ground for the relief sought by plaintiffs is the alleged unconstitutionality of the statute. The district court sustained a demurrer to the petition and dismissed the suit. Plaintiffs appealed.

It is first argued by plaintiffs that the legislative act which requires a wholesale tobacconist to pay a 100-dollar annual fee as a condition of transacting business is a revenue measure providing for a property tax, and as such is a violation of the Constitution, which provides:

"Taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises, and taxes uniform as to class may be levied by valuation upon all other property." Const. art. VIII, sec. 1.

The statute provides that it shall be unlawful to sell, keep for sale, or give away "any cigars, tobacco, cigarettes or cigarette material" without a license, and the penalty for each offense is a fine of not less than $100 nor more than $200, or imprisonment in the county jail not less than 10 days nor more than 60 days; that licenses shall be issued by any city, town, village or county clerk; that an applicant for a license shall file with the proper clerk a written application, stating the name of the prospective licensee and the exact location of the place where the business is to be conducted, and deposit the required fee; that

the term of a license shall end with the calendar year during which it is issued; that a retailer's fee shall be $25 in metropolitan cities, $15 in cities of the first class, and $10 elsewhere; that a wholesale dealer annually disposing of 150,000 cigars, packages of cigarettes and packages of tobacco in any form shall pay a license fee of $100; that at the proper place of business the license shall authorize sales to persons over 21 years of age. Comp. St. 1929, secs. 28-1023 to 28-1027. Sales to minors are forbidden and cancelation of a license for violation of the law is authorized. The license fees become public school funds where collected.

In substance it is stated in the petition, among other things, that Nash-Finch Company, plaintiff, is a foreign corporation, with its principal place of business in Minneapolis; that as a wholesale tobacconist it maintains in Nebraska eight branches and at each annually disposes of more than 150,000 cigars, packages of cigarettes and tobacco, and is required to pay $800 a year to carry on such business; that McCord-Brady Company, plaintiff, is a Nebraska corporation engaged in the wholesale grocery business, including the sale of tobacco products; that its annual sales exceed 150,000 cigars, packages of cigarettes and tobacco; that it is required to pay the city of Omaha annually $100 as a condition of engaging in such business; that there have been no prosecutions for violations of the statute; that the revenue arising from the license fees is out of all proportion to any legitimate expense of licensing and regulating the traffic; that fees collected without any expense or cost of prosecution amount to many thousands of dollars annually; that no part of the money so raised is devoted to regulation; that Nash-Finch Company is required to pay annually eight fees of $100 each, though the legislation provides that a corporation engaged in the wholesale disposition of tobacco products shall pay one license fee of $100; that a method of enforcing regulation is not provided; that the legislative provisions are indefinite, unreasonable, arbitrary and discriminatory, and therefore null and void.

The position which plaintiffs have taken is indicated by one of their quotations from a standard work:

"If the fee or tax is imposed in the exercise of the police power for purposes of regulation, as a general principle the amount which may be exacted may include, and must be limited and reasonably measured by, the necessary or probable expenses of issuing the license, and of such inspection, regulation, and supervision as may be lawful and necessary. If it is manifest that the amount imposed is substantially in excess of, and out of proportion to, the expenses involved, it generally will be regarded as a revenue measure, and be held unreasonable and void as a regulation under the police power, particularly where the act or ordinance makes no provision for inspection or regulation of the business, and expressly provides for use of the funds for other purposes." 37 C. J. 190.

To sustain this position plaintiffs rely on *State v. Standard Oil Co.*, 100 Neb. 826, *Century Oil Co. v. Department of Agriculture*, 110 Neb. 100, and *Century Oil Co. v. Department of Agriculture*, 112 Neb. 73. The first of those cases involved the validity of a fee of 10 cents for the inspection of each barrel of oil. The opinion of the court shows that inspection on that basis resulted in the collection of a vast sum of money in excess of the cost of the service performed, and it was held that the operation of the statute gave to the legislation the character of a revenue measure rather than a police regulation and that the excessive statutory exaction was unreasonable and void. In the next case cited an inspection fee of six cents a barrel was held void for the same reason. In the last of the three cases mentioned, the court decided that the fee of six cents was void only to the extent of the excess, measured by the reasonable cost of inspection. There is an obvious distinction between those cases and the case at bar. The statutes considered in the former cases authorized an unreasonable fee for a specific service. The fee was a reasonable charge for

inspection when the statute was enacted, but subsequent increases in the use of petroleum products resulted in the creation of a large amount of public revenue in excess of the ascertainable cost of inspection.

Throughout the legislation now under consideration in the case at bar, the fee of which plaintiffs complain is designated a "license fee" for the privilege of trafficking in tobacco and tobacco products. The title of the legislative act and the statute itself show a distinct legislative purpose to provide for the licensing and regulating of the traffic in tobacco by an exercise of police power. The licensed traffic is specifically limited to purchases by adults. Sales to minors are positively forbidden. Severe penalties are authorized for violations of the law. Protection of minors is intended to prevent public injuries to which police power applies. The licensed traffic in tobacco extends to every part of the state. Clerks in municipalities and counties may issue licenses. On complaints authorized by other statutes, courts may acquire jurisdiction over offenses and punish offenders. The reasonable expenses of licensing and regulating the traffic throughout the state, or in jurisdictions where sales are made, are not definitely estimated in the petition and are not ascertainable in advance. For the purposes of regulation, the fixing of reasonable license fees was within the discretion of the legislature. The lawmakers had the means of ascertaining all available facts essential to valid legislation and are presumed to have acted with knowledge thereof. Plaintiffs did not plead facts, as distinguished from conclusions, showing that the revenue arising from licenses is out of all proportion to any legitimate expense of licensing and regulating the traffic. Failure to prosecute violators of the statute regulating the traffic in tobacco and forbidding sales without a license does not render void reasonable license fees sufficient to meet the expenses of licenses and regulation. A statute regulating the traffic in tobacco and requiring each dealer to pay a license fee is not necessarily invalid because

methods of enforcement are not prescribed in the legislative act. In a recent law text, principles based on precedents were stated as follows:

"If the language used in an act or ordinance imposing a license tax expresses a plain meaning, it is not rendered invalid by the fact that its exact enforcement may be difficult, or that it does not prescribe the methods for its enforcement, or that it does not properly provide for an appeal from any action of the licensing authorities; nor is it invalid by reason of the fact that it has never been enforced." 37 C. J. 195.

The rule in Nebraska is that the legislature has a considerable latitude in fixing license fees by a regulatory statute enacted in the exercise of police power and courts will not declare such legislation void unless from its inherent character, or, by proofs adduced, it is shown to be unreasonable. In testing the validity of a regulatory statute, the enrichment of school funds by license fees and payment of expenses of licenses and regulation out of money raised by taxation are not generally material factors. *Littlefield v. State*, 42 Neb. 223. It seems clear that the primary purpose of the statute was to license and regulate the traffic in tobacco and not to raise revenue by a tax on property. The license fee is an incident of regulation and not the main object. In these views of the law, facts pleaded in the petition and admitted by the demurrer are insufficient to show that the act was invalid when passed or that it subsequently became an invalid revenue measure by changes in conditions. A fair construction of the statute leads to the conclusion that a license is required at each place of business, whether wholesale or retail, and that Nash-Finch Company was properly required to pay a license fee of $100 at each of its eight wholesale branches. The classifications on which the differences in license fees are based are not shown to be unreasonable or beyond legislative power. They apply alike to all dealers in a class. The system of fees and regulation adopted by statute is workable and

may be enforced. On all these issues the findings are in favor of defendant.

Plaintiffs insist further that the legislation in controversy is void on the ground it violates the constitutional provision that "No bill shall contain more than one subject, and the same shall be clearly expressed in the title." Const. art. III, sec. 14. The title, in part, is "An act to regulate the licensing and sale of cigars, tobacco and cigarettes and cigarette material to persons over 21 years of age, and to provide penalties for violations by licensees, or any other person, partnership or corporation." Laws 1919, ch. 180. The objection to this title is that "revenue," which plaintiffs call the subject of the legislation, is not mentioned. Having reached the conclusion that the subject of the legislation is the regulation and the licensing of the traffic in tobacco, it necessarily follows that the title adopted by the legislature is sufficient.

Another argument is directed to the point that the statute is void for the reason it imposes a burden on interstate commerce in violation of the Constitution of the United States. An examination of the legislative act shows that it provides alone for licensing and regulating traffic or commerce within the state. The demurrer to the petition was properly sustained.

AFFIRMED.