THE OMAHA NATIONAL BANK, PLAINTIFF, V. FRANK B. HEINTZE, TREASURER OF THE STATE OF NEBRASKA, ET AL., DEFENDANTS.

FIRST NATIONAL BANK OF OMAHA, PLAINTIFF, V. FRANK B. HEINTZE, TREASURER OF THE STATE OF NEBRASKA, ET AL., DEFENDANTS.

THE UNITED STATES NATIONAL BANK OF OMAHA, A CORPORATION, PLAINTIFF, V. FRANK B. HEINTZE, TREASURER OF THE STATE OF NEBRASKA, ET AL., DEFENDANTS.

67 N. W. 2d 753

Filed December 31, 1954. Nos. 33720, 33721, 33722.

*Wells, Martin & Lane, Finlayson, McKie & Kuhns,* and *Morsman, Maxwell, Fike & Sawtell,* for plaintiffs.

*Clarence S. Beck,* Attorney General, *Clarence A. H. Meyer,* and *Homer L. Kyle,* for defendants.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

These three cases are original actions for declaratory judgments to determine the rate of taxation of plaintiffs' shares of stock. The precise question is whether the capital stock of the plaintiffs is stock assessable at four mills on the dollar of actual value as provided in section 77-703, R. S. Supp., 1953, or at eight mills on the dollar of the actual valuation thereof as provided in section 77-709, R. R. S. 1943.

The plaintiffs are banks organized under the law of

the United States with their principal places of business in Douglas County. By the provision of section 77-709, R. R. S. 1943, the capital stock of banks is assessed as such, the bank is required to pay the tax, and has a lien on the stock for the tax. The defendants are the State Treasurer, the county treasurer, and the county clerk of Douglas County. Issues are made here by petitions of the plaintiffs and general demurrers of the defendants.

The legislative and judicial history of the intangible tax laws, prior to the present situation, may be found in our decisions in State Bank of Omaha v. Endres, 109 Neb. 753, 192 N. W. 322, Central National Bank v. Sutherland, 113 Neb. 126, 202 N. W. 428, and State ex rel. Spillman v. Ord State Bank, 117 Neb. 189, 220 N. W. 265.

Supplementing those opinions, reference should be made to Laws 1927, chapter 169, page 499. The Legislature there provided for Class A intangibles taxable at two and one-half mills on the dollar and for Class B intangibles taxable at the rate of five mills on the dollar with the proviso as to Class B that "shares of stock in banks and all moneyed capital that comes into competition with the business of banks or banking in the state of Nebraska within the meaning of Section 5219 of the Revised Statutes of the United States shall not be classified and taxed under this section." It was further provided: "* * * that all moneyed capital that comes into competition with the business of banks in the state of Nebraska within the meaning of Section 5219 of the Revised Statutes of the United States shall be taxed at the same rate that bank stock is taxed." Laws 1927, c. 169, § 2, p. 502. It then changed the rate of taxation on bank stocks from "the same rate as tangible property" (see Laws 1921, c. 133, art. VIII, § 4, p. 584) to "seventy per cent of the mill rate at which tangible property is assessed." This was obviously an attempt of the Legis-

lature to meet the impact of the act of Congress as set out in the decisions above cited.

Then came the 1929 act. Laws 1929, c. 168, p. 577. In this act, the Legislature placed money and certain other intangibles in Class A and all other kinds of intangible property were placed in Class B. The Legislature did not re-enact the provisos above quoted relating to taxation of bank stocks. The Legislature provided for a tax of two and one-half mills on the dollar for Class A intangibles. This provision is now section 77-702, R. R. S. 1943. It then provided for a tax of eight mills on the dollar on Class B intangibles and this provision became section 77-703, R. R. S. 1943. It then provided, by amendment of the language of the 1927 act that: "The said two and one-half mills' tax and the eight mills' tax respectively, shall be in lieu of all other taxes upon such intangible property * * *." Laws 1929, c. 168, § 1, p. 577. This became, in part, section 77-704, R. R. S. 1943. As to bank stocks, the 1929 Legislature amended the 1927 act and provided that they should be listed and assessed as intangible property at the rate of eight mills on the dollar. This became section 77-709, R. R. S. 1943.

The statutes so remained until 1953 when the Legislature enacted Laws 1953, chapter 266, page 878.

The title recited that it was an act to amend sections 77-701, 77-703, and 77-704, R. R. S. 1943, and, so far as pertinent here, to reduce the rate of taxation of Class B intangible property. The amendment of section 77-701, R. R. S. 1943, provided that book accounts should be included in Class A. It need not further be noted. The Legislature did not change the rate on Class A intangibles. It remained at two and one-half mills. The Legislature then amended section 77-703, R. R. S. 1943, by reducing the rate from eight mills to four mills on intangible property in Class B. This is now section 77-703, R. S. Supp., 1953. The Legislature then amended section 77-704, R. R. S. 1943, by deleting therefrom the words "at two and one half and eight mills respectively,"

so as to have the sentence read: "The tax upon intangible property in Classes 'A' and 'B' shall be in lieu of all other taxes thereon * * *." This is now section 77-704, R. S. Supp., 1953.

The Legislature made no reference to section 77-709, R. R. S. 1943, either in the title or body of the act. It remains as before, providing for a tax on bank stocks of eight mills on the dollar.

The plaintiffs urge here that the clause of section 77-709, R. R. S. 1943, to wit: "at the rate of eight mills on the dollar of the actual valuation thereof," has been repealed by implication. The defendants counter that such would be an amendment by implication and not permissible under the provision of Article III, section 14, of the Constitution which provides in part: "* * * And no law shall be amended unless the new act contain the section or sections as amended and the section or sections so amended shall be repealed."

We need not determine either of those contentions.

The statutes as they now read provide for a tax on corporate stock generally at the rate of four mills on the dollar and a tax of eight mills on the dollar on bank stock. We are here concerned specifically with that situation. This is the legislative situation which we had in State ex rel. Spillman v. Ord State Bank, *supra*. We there held that a tax on the bank stock in excess of the tax on the shares of corporate stock generally was an invalid tax. This decision rests on the constitutional requirement of uniformity as to class. Art. VIII, § 1, Constitution. The same result was reached in Century Oil Co. v. Department of Agriculture, 112 Neb. 73, 198 N. W. 569. There a statute levied an inspection fee on gasoline. The law was valid when enacted. Later the fees collected were far in excess of the reasonable cost of inspection. The law was held unenforceable as to the excess.

Here the plaintiffs claim that the tax above four mills is an invalid tax. They offer to pay the four mills tax.

We hold that section 77-709, R. R. S. 1943, insofar as it purports to authorize a levy of taxes upon the shares of stock of banks, industrial loan and investment companies, and trust companies, in excess of four mills on the dollar of the actual value thereof as provided by section 77-703, R. S. Supp., 1953, violates the rule of uniformity as to class required by Article VIII, section 1, of the Constitution of this state and to that extent is unenforceable.

Plaintiffs ask for injunctive relief. We do not deem it necessary to enter such an order. Should such be necessary hereafter the way is open under the provisions of section 25-21,156, R. R. S. 1943, for the plaintiffs to apply for such an order.

JUDGMENT FOR PLAINTIFFS.