JOHN MCNEIL ET AL., APPELLEES, V. CITY OF OMAHA, A MUNICIPAL CORPORATION, ET AL., APPELLANTS.

70 N. W. 2d 83

Filed April 29, 1955. No. 33695.

*Edward F. Fogarty, Herbert M. Fitle, Bernard E. Vinardi,* and *Neal H. Hilmes,* for appellants.

*Robert E. O'Connor* and *William F. Ryan,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

In this action plaintiffs sought a declaratory judgment that, in performing certain work in the installation of heating and air conditioning units in a building in Omaha, they were not engaged in plumbing within the meaning of certain ordinances of the city, or in the alternative that the ordinances as applied to the installation were unconstitutional, and sought also an injunction against the enforcing of said ordinances. Issues were made and trial was had, resulting in a decree in favor of plaintiffs making extended findings of fact, and de-

creeing extensively upon the findings. An injunction was not granted. Defendants appeal. Plaintiffs cross-appeal as to the denial of the injunction.

We affirm the decree as to the basic issue involved and direct on remand that a decree be entered in accord with our holding herein. We deny an injunction.

The facts are not in serious dispute. A combination air conditioning and heating system was being installed in the Methodist Hospital in Omaha. This system consisted of two large units installed in the basement. One was for heating and one was for cooling water. Pipes ran from these large units to individual units placed variously about the building, and returned to the basement unit. The small unit served to heat or to cool air, depending on whether the coil in the small unit was open to the heating or cooling unit in the basement.

When used for cooling purposes, moisture from the air collects and falls from the cooling unit. A drip pan to catch that moisture is a part of the unit. To the drip pan of each unit is fitted a pipe which leads from the unit downward. This pipe is joined with other like-purpose pipes from other units and ultimately ends immediately over, but not physically attached to, a sewer drain in the basement. These pipes running from the drip pans to the basement are described as condensation lines.

The contractor took out the requisite permits for the installation of the units "where they hook directly to city water." This work was being installed by steam fitters. He was then notified that he was required to have a plumbing permit also, on the theory that the installation of the condensation lines was plumbing work. Under either threats of arrest or arrest, he took out the required permits. Thereafter steam fitters continued the installation. The installation of these condensation lines has been considered at all times to be a part of the work of the installation of the heating and cooling unit. These condensation lines were installed

in a good and workmanlike manner, and passed the required inspections. The city did not require plumbing permits for the installation of the heating and cooling unit. The condensation line is an essential part of the unit. As stated by one witness, it is a "convenient necessity." Installations of this kind have been repeatedly installed in the city of Omaha with the permits originally secured here and without the special plumbing permits that were required in this instance.

The city maintaining its position that plumbing permits were required, plaintiffs brought this action to secure an authoritative answer.

The initial question presented by this litigation is whether or not the installation of the condensation lines is work which requires a plumbing permit from the city.

The city relies on three of its rules governing plumbing. Omaha Municipal Code, Ordinance No. 14924, as amended by Ordinances Nos. 15176 and 15253. Other rules were not furnished the trial court and are not here.

Rule 49 begins, "Waste pipe for refrigerators or other receptacles in which provisions are stored * * *." The next reference is to "Waste pipe for refrigerators * * *," and finally "Special plumbing permits must be procured for refrigerators, the same as for plumbing fixtures."

It is obvious that this rule refers to refrigerators in which provisions are stored, and obviously also that the units here involved are not such refrigerators.

However, if this installation comes within the provisions of Rule 49, then it would seem that Rule 56 approves it "without express permission from the Plumbing Inspector." That rule provides: "No indirect connection of any plumbing fixtures will be allowed except refrigerators as provided in Rule No. 49, without express permission from the Plumbing Inspector."

Rule 63 provides: "A plumbing fixture is any re-

ceptacle, appurtenance, or device or appliance connected to either a water supply or drainage system, or both, intended to receive, to discharge, or to receive and discharge water, liquid or water carried waste into an approved drainage system." This definition of a plumbing fixture is broad enough and indefinite enough to include these condensation pipes. It is likewise broad enough and indefinite enough to include the heating and cooling units, for they also are connected to a water supply system and are intended to receive water. It does not appear that the city has ever construed, and does not now construe, Rule 63 to cover these units of which, by undisputed evidence, the condensation lines are a necessary part. The practical construction of the city, in accord with the construction of the industry, must be considered here.

In City of Pittsburg v. Kane, 141 Pa. Super. 44, 14 A. 2d 887, complaint was made that the two defendants had installed waste pipes to air conditioning units; that such installation was plumbing work; and that the defendants were not plumbers.

After analyzing the extensive ordinances involved, the court held: "The record shows that the air conditioning plant installed by these defendants complied with the regulations, etc. prescribed for Safe and Refrigerator Waste-pipes and for special waste-pipes from air conditioning units. The waste-pipes were not connected directly with any part of the plumbing system or with the house or building drainage system. They discharged over an open, water supplied, properly trapped drain in the cellar.

"The real point involved was whether these defendants who installed the air conditioning unit could connect it with a pipe which would carry away the condensed moisture that was collected from the humid air in the course of its conditioning and conduct it so that it would drip or empty over and into an open sink or drain which had been properly installed by a plumber.

Admittedly they could have made no connection with any drainage system, nor did they do so. Their work was no more plumbing than the man who takes the 'portable pan' into which water drips from an ice refrigerator and pours it into a sink is engaged in plumbing."

In accord with the above reasoning and decision, we hold that the installation of the condensation lines as a necessary part of the heating and cooling units was not the installation of plumbing and did not require a plumbing permit.

The trial court so found and decreed. We affirm that part of the declaratory judgment. However, the court went further and found and decreed as to several other matters which either are not within the issues or are not necessary to a decision of the basic issue presented.

We reverse the judgment as to other holdings and findings and direct a decree upon remand, limited to the decision herein made.

Plaintiffs cross-appeal and assign error in that the trial court refused an injunction.

Our decision in Omaha Nat. Bank v. Heintz, 159 Neb. 520, 67 N. W. 2d 753, is applicable here. We there held: "We do not deem it necessary to enter such an order. Should such be necessary hereafter the way is open under the provisions of section 25-21,156, R. R. S. 1943, for the plaintiff to apply for such an order."

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.