FIRST CONTINENTAL NATIONAL BANK & TRUST COMPANY, TRUSTEE, PLAINTIFF, v. ARTHUR M. DAVIS, AS ASSESSOR OF LANCASTER COUNTY, NEBRASKA, ET AL., DEFENDANTS.

108 N. W. 2d 638

Filed April 21, 1961. No. 34929.

*Mason, Knudsen, Dickeson & Berkheimer* and *Jerrold L. Strasheim,* for plaintiff.

*Clarence A. H. Meyer,* Attorney General, *Homer G. Hamilton,* and *Elmer M. Scheele,* for defendants.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

YEAGER, J.

This is an original action filed in the Supreme Court by First Continental National Bank & Trust Company, Trustee, as plaintiff, against Arthur M. Davis, assessor of Lancaster County, Nebraska, C. E. Berg, treasurer of said county, Forrest Johnson, Tax Commissioner of the State of Nebraska, and Clarence S. Beck, Attorney General of said State of Nebraska, defendants.

By the petition it is alleged that the plaintiff is the trustee by succession of a trust executed on October 30, 1958, with The Continental National Bank of Lincoln as the original trustee which trust was denominated General Tobacco and Candy Company Profit-Sharing Trust. The description and declared purpose of the trust as contained in the petition is the following: "At all the

times subsequent to October 30, 1958, hereinafter mentioned, The Trust has had as its purpose the funding of a profit-sharing plan for the benefit of employees of General Tobacco and Candy Company and as such it has been exempt from income tax under the laws of the United States." Neither the trust indenture nor a further description of its contents is before the court by pleading or otherwise.

It is further pleaded that during 1958 the trust received no income from intangible property; that in 1959 the trust was the owner of intangible Class A property of the value of $9,820; that on April 20, 1959, the trustee listed with the defendant assessor the intangible property of the trust showing no income therefrom for 1958; and that the assessor computed and assessed a tax on this property for 1958 at the rate of 2½ mills on each dollar which amounted to $24.55, as provided by section 77-702, R. R. S. 1943.

It is further pleaded that this assessment was made by the assessor contrary to law for the reason that by the terms of section 77-730, R. R. S. 1943, the trustee had nothing subject to tax in 1958. By the terms of section 77-730, R. R. S. 1943, only gross income received from intangible property was taxable and that at 2 percent. There was no such gross income.

The prayer of the petition is for a declaratory judgment that the laws of Nebraska do not permit this trust to be taxed in accordance with the provisions of section 77-702, R. R. S. 1943, but on the contrary that the provisions of section 77-730, R. R. S. 1943, shall apply.

To the petition the defendants filed a general demurrer on the ground that the facts stated were not sufficient to constitute a cause of action. The only question before the court is that of whether or not the petition states a cause of action.

It is made apparent by their briefs that the defendants' attack on the petition is based upon the premise that section 77-730, R. R. S. 1943, is violative of the Con-

stitution of the State of Nebraska and of the Fourteenth Amendment to the Constitution of the United States. The section of the statute is the following: "The trustee of every trust which has as its purpose the funding of a pension, profit-sharing, or other employee benefit plan, exempt as such from income tax under the laws of the United States and which (1) is established in the State of Nebraska, (2) is established by an employer residing in or having its principal place of business in the State of Nebraska, or (3) has intangible property otherwise subject to taxation under Chapter 77, shall pay, in lieu of any other intangible property tax, a tax equal to two per cent of the gross income which such trust has received during the preceding calendar year from intangible property otherwise taxable under Chapter 77. Such tax shall be due and delinquent and shall be paid by the trustee or other custodian of the assets the same as other intangible property taxes. In the event the trustee or custodian shall fail to pay the tax imposed by the provisions of this section, it shall be collected from the employer."

The attack is presented on three basic theories. One theory advanced by the defendants is that the statute is violative of the Fourteenth Amendment to the United States Constitution. The point is that by the statute it is attempted to tax intangibles beyond the jurisdiction of this state. This contention appears to be without merit. This is true since the statute by its terms provides for taxation only on intangible property taxable under Chapter 77, which of course has reference to property in the State of Nebraska.

Another theory is that contrary to the Constitution of Nebraska this statutory provision authorizes the taxation of pensions, profit-sharing funds, or other employee benefit funds held in trust at a different rate and in a different manner than other property of the same class. The third theory is that the provision exempts property

from taxation which may not under the Constitution be exempted.

It therefore becomes necessary to examine the pertinent provisions of the Constitution and related statutory provisions. The first to which attention is directed is Article VIII, section 1, of the Constitution. It contains the following: "Taxes shall be levied by valuation uniformly and proportionately upon all tangible property and franchises, * * *. Taxes uniform as to class may be levied by valuation upon all other property."

Article VIII, section 2, contains the following: "The Legislature by general law may exempt property owned by and used exclusively for agricultural and horticultural societies, and property owned and used exclusively for educational, religious, charitable, or cemetery purposes, when such property is not owned or used for financial gain or profit to either the owner or user. * * * No property shall be exempt from taxation except as provided in the Constitution." There is no constitutional provision other than this one which directly exempts real or personal tangible or intangible property from taxation or permits exemption by the Legislature.

From an examination of the description of the subject matter of the action contained in the petition, the language of the statute hereinbefore quoted, and the powers and inhibitions contained in the two constitutional provisions which have been referred to, it is clear that this court is dealing with property which may not be legislatively exempted from taxation. It is also true that the subject matter is in the legal sense intangible and not tangible property. What shall be said herein is to be regarded as so limited.

Section 77-701, R. R. S. 1943, is as follows: "Intangible property, other than notes secured by mortgages on real estate situated in this state and other than bonds of the United States, of this state, or of governmental subdivisions of this state, shall be separately classified, listed, and taxed as follows:

"(1) Class 'A' shall consist of money, United States legal tender notes and other securities of the United States payable on demand, book accounts, savings accounts, bank deposits, bills of exchange, checks, and drafts.

"(2) Class 'B' shall include all other kinds of intangible property which is not included in Class 'A'."

Section 77-702, R. R. S. 1943, is as follows: "All intangible property in Class 'A' shall be taxed where it is assessed at the rate of two and one half mills on the dollar of the actual value thereof."

Section 77-703, R. R. S. 1943, is as follows: "All intangible property in Class 'B' shall be taxed where it is assessed at the rate of four mills on the dollar of the actual value thereof, to be assessed and collected where the owner resides."

The petition makes it clear that the subject matter involved in 1958 was intangible property, Class A, and if taxable under these provisions of the statute it was taxable at the rate of $2\frac{1}{2}$ mills on the dollar of the actual value. It is conceivable that in the future the trust might have intangible property, Class B, which if taxable under these provisions would be taxable at the rate of 4 mills on the dollar of the actual value.

It was in 1957 that section 77-730, R. R. S. 1943, was enacted. The purpose was, according to the title of the act (Laws 1957, c. 324, p. 1146) and the body of the provision, to provide for the taxation of a trust of intangible property in a manner other and different from the manner prescribed by sections 77-701, 77-702, and 77-703, R. R. S. 1943.

The defendants contend that this violates the uniformity requirement of Article VIII, section 1, of the Constitution of Nebraska. If it be said that this amounts to a new rate within one or the other of the classifications declared by section 77-701, R. R. S. 1943, without a recognizable and proper classification as the basis therefor, this without doubt would be true. This court

effectually so declared in Omaha Nat. Bank v. Heintze, 159 Neb. 520, 67 N. W. 2d 753.

No case has been found wherein it has been said that there may be separation of parts from intangible Classes A and B or either of them as described in section 77-701, R. R. S. 1943, and a separate rate of taxation provided for the separated parts thus rendering the rates fixed by sections 77-702 and 77-703, R. R. S. 1943, inapplicable. This court did say in United States Cold Storage Corp. v. Stolinski, 168 Neb. 513, 96 N. W. 2d 408, a case which involved the right of classification of property for the purpose of taxation: "The Legislature may properly legislate in regard to a class of persons, but it may not divide a class of persons and enact different rules for the government of each segment of the class."

It was also said: "The Legislature may make a reasonable classification of persons, corporations, and property for the purposes of legislation concerning them, but the classification must rest upon real differences of situation and circumstances surrounding the members of the class, relative to the subject of legislation, which render appropriate its enactment." See, also, Blauvelt v. Beck, 162 Neb. 576, 76 N. W. 2d 738. These statements were not made in a case wherein the issues were the same as here, but rights and powers under Article VIII, section 1, of the Constitution of Nebraska, were under consideration.

In Continental Ins. Co. v. Smrha, 131 Neb. 791, 270 N. W. 122, it was said: "The record conclusively shows that the classification attempted on the basis of benefits received and objects to be accomplished does not rest upon any real differences in situation and circumstances from others within the class. In the absence of some real and substantial distinction which bears a reasonable, just and proper relation to the objects sought to be accomplished, a tax levied upon a part of those within the same class cannot be sustained. The classification

and the object to be accomplished must be germane."

It is clear that the intent of the Legislature by enacting section 77-730, R. R. S. 1943, was to create a new classification or classifications of intangible property and to establish a new rate of tax thereon. From what has been pointed out it was not prohibited from so doing. It is concluded that the Legislature could so do without specific reference in the new legislation to previous statutory designations and rates of tax.

The validity and constitutionality of the classification may not be sustained however unless it includes all other like situations and circumstances and all of the persons and property of the same class. In other words, if there were those in a like situation to whom the classification did not apply it could not be regarded as valid and constitutional.

From the face of the statute itself it becomes apparent that it is void and unconstitutional for the reason that it fails to operate uniformly upon all of the persons and property of the same class.

It is declared by the provision that the classification embraces trusts, (1) which are exempt from income tax under the laws of the United States, and (2) which have for their purpose the funding of pensions, profit-sharing plans, or employee benefit plans. As is observable no intangibles which may be devoted to any of these purposes may come within this statutory classification unless they are in the hands of a trustee. Every other intangible fund created for these purposes whether by voluntary and unilateral action of an employer, or by contractual arrangement, would be without the class and the fund would be taxable as intangible Class A or Class B.

Other examples of failure to include within the classification funds or property for purposes like those set forth in this statute could be mentioned but it is not deemed necessary to do so.

There is another reason why this must be treated as

a lack of uniformity as to class. That reason is that there is no measure whereby it could be ascertained whether or not the tax on income from the intangible property of the trust would be equal actually or approximately to the tax on other intangibles of the same class or character subject to tax and taxed under the rates fixed by statute. Obviously, the intangibles within this class but not included in this statutory classification would be subject to a different rate of tax.

In dealing with such a situation this court said: "It may happen that 70 per cent. of the rate of taxation upon tangible property will be precisely 5 mills upon the dollar, in which event no harm would be done, but the probability of such an event is ephemeral, and is purely a matter of chance. If the application of the 70 per cent. rate should exceed 5 mills upon the dollar of valuation, or be less than 5 mills, in either event the rule of uniformity would be violated." State ex rel. Spillman v. Ord State Bank, 117 Neb. 189, 220 N. W. 265.

It is not the purpose to say herein that this could or could not under any circumstances be legally set up by the Legislature as a class and that in no event could it be treated and taxed as the Legislature has attempted to do. This is a matter which is not presented by this record and accordingly it is not passed upon. The only purpose is to say that taking into consideration what the statute contains and the definition and description of the purposes to be accomplished under it the classification as made violates the uniformity requirements of the Constitution.

The third theory presented by the defendants is that this statute by its terms exempts property from taxation contrary to the Constitution.

It becomes clear from the terms of the statute and the constitutional provisions already cited herein, and from what has been said with reference to classification, that the subject matter to be dealt with is not subject to exemption from taxation. In the brief of the plaintiff

is a suggestion that it may be constitutionally exempt but it does not, as it is thought, seriously so contend.

The wording of the statute points out without question that the intangible property of a trust created pursuant to the terms of this statute is free from any direct burden of taxation. It follows of course that it is exempted from taxation unless a tax burden is indirectly imposed. The theory of the plaintiff appears to be that an indirect burden is imposed by the provision that "in lieu of any other intangible property tax, a tax equal to two per cent of the gross income which such trust has received during the preceding calendar year from intangible property otherwise taxable under Chapter 77" shall be paid, and that thereby the constitutional requirement that this property shall be taxed is satisfied.

By clear and specific statement a trust set up in accordance with this statutory provision is exempt from taxation if the trust "has intangible property otherwise subject to taxation under Chapter 77." It is further clear that any and all intangible property coming to the trust from any source and in any manner except as gross income is exempt from taxation.

The meaning of this quoted language is not free from doubt, but as used in context it is assumed that it means intangible property which would be subject to taxation except for elimination therefrom by the terms of the provision under examination. Nothing is taxed except the gross income from this intangible property for the current year, which gross income is taxable at the rate of 2 percent.

There was an apparent attempt to impose an indirect burden on this trust. None however was imposed on the trust but only on something which could be taxed only if it existed. In fact this record discloses that in 1958 there was a trust in the amount of $9,820 but there was nothing to tax in lieu of a tax on this trust since there was no income.

In the face of all this it must be said that this provi-

sion of the statute creates an exemption contrary to the Constitution of the State of Nebraska.

It follows that the intangible property in this trust was taxable as Class A property and subject to the rate of tax fixed by statute therefor.

The conclusion reached is that the demurrer should be sustained.

DEMURRER SUSTAINED.

SIMMONS, C. J., participating on briefs.